IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRANDON FITZGERALD TATUM                                              PLAINTIFF

v.                            Civil No. 1:22-cv-01010

JONATHAN MESSER, El Dorado Police Department/
DTF; AUSTIN MCQUINSTON, El Dorado Police
Department/DTS; HOUSTON BRADSHAW, El
Dorado Police Department/DTF; and ANTHONY
ROSS, El Dorado Police Department/DTF                                 DEFENDANTS

## ORDER

Plaintiff Brandon Fitzgerald Tatum filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 18, 2022. On April 13, 2022, Plaintiff filed an Amended Complaint. (ECF No. 15). On July 8, 2022, the parties consented to have a United States magistrate judge conduct all proceedings in this case, including a trial, order the entry of a final judgment, and conduct all post-judgment proceedings. (ECF No. 22). Currently before the Court Defendants' Joint Motion to Stay Proceedings Pending Criminal Disposition. (ECF No. 18).

### I.   BACKGROUND

In the Amended Complaint Plaintiff alleges Defendants violated his Fourth Amendment rights when they allegedly conducted unlawful search and seizures on April 16, 2020, and December 14, 2021. (ECF No. 15). His allegations stem from two arrests: (1) an arrest on December 14, 2021; and (2) an arrest on April 13, 2022. *Id.*

Plaintiff's criminal charges from the December 14, 2021, arrest include: two counts of possession of a controlled substance (methamphetamine or cocaine). *See Criminal Information,* Union County Circuit Court in 70 CR-22-29. Those charges are being prosecuted by the State of Arkansas in case number 70 CR-22-29, *State of Arkansas v. Brandon Fitzgerald Tatum,* and have not yet been adjudicated. *Id.*

1

Plaintiff's criminal charges stemming from the April 16, 2020, arrest include: (1) simultaneous possession of drugs and firearms; (2) possession firearm by certain persons; (3) possession of methamphetamine or cocaine with the purpose to deliver; and (4) two counts of use or possession of paraphernalia to manufacture, etc., methamphetamine/cocaine. *See Criminal Information,* Union County in 70 CR-20-188. Those charges are being prosecuted by the State of Arkansas in case number 70 CR-20-188, *State of Arkansas v. Brandon Fitzgerald Tatum,* and have not yet been adjudicated. *Id.*

Defendants filed the instant motion on April 26, 2022, asking the Court to stay the proceedings in this case and administratively terminate the claims pending final disposition of the criminal charges against Plaintiff based on the *Younger* doctrine. (ECF Nos. 18, 19). Plaintiff filed a Response in opposition to the motion stating in part that "Its been over 2yrs and I have not been brought to trial, I have no control over any court system…". (ECF No. 21).

## II. DISCUSSION

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Younger v. Harris*, 401 U.S. 37, 59 (1971). *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine reflects the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the

federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to Plaintiff's claims against Defendants relating to his arrests on April 16, 2020 and December 14, 2021. *Younger* applies to these claims because they involve an ongoing state judicial criminal proceeding against Plaintiff, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv-0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is also no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate.

### III.   CONCLUSION

For the foregoing reasons, Defendants Joint Motion to Stay Proceedings Pending Criminal Disposition is (ECF No. 18) **GRANTED. The case is stayed, and the Clerk is DIRECTED to administratively terminate the case.** Plaintiff may reopen the case upon termination of the criminal cases against him.

**IT IS SO ORDERED** this 11th day of July 2022.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE